# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2025

Lyle W. Cayce
Clerk

No. 24-30763

_____

Vincent Johnson,

*Plaintiff—Appellant*,

*versus*

Ronald Johnson; Kina T. Kimble,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:24-CV-78

_____

Before Elrod, *Chief Judge*, and Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Vincent Johnson, Louisiana prisoner # 106229, seeks to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted. Johnson's IFP motion constitutes a challenge to the district court's certification that his appeal was not taken in good faith. *See Baugh v.*

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); Fed. R. App. P. 24(a). The inquiry into an IFP movant's good faith is "limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his IFP motion, Johnson renews his argument that the defendants violated his rights to due process and access to the courts when they denied his ex parte petition seeking the execution of the "declaratory" judgment in *State v. Maxie*, No. 13-CR-72522 (La. 11th Jud. Dist. Ct. Oct. 11, 2018) (unpublished). He contends that § 1983 expressly provides for injunctive relief against a judicial officer's violation of a declaratory decree and that he has met the requirements for obtaining injunctive relief. Additionally, he contends that (i) the district court misconstrued and failed to properly address his due process claim, (ii) the district court's denial of his access-to-the-courts claim was erroneous, (iii) the district court erred by failing to allow him to supplement those claims, and (iv) different standards of review should be applied to the district court's IFP certification decision regarding his constitutional claims.

Johnson has not presented a nonfrivolous argument that the district court incorrectly characterized his requests for injunctive relief as seeking mandamus relief which the district court lacked jurisdiction to grant. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see also Howard*, 707 F.2d at 220. Additionally, he does not challenge the district court's determination that the defendants had absolute judicial immunity regarding any claim for monetary damages. Thus, he has abandoned any challenge to this determination. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Johnson has not demonstrated a nonfrivolous basis to challenge these determinations, which disposed of all of his claims, we need not consider his arguments challenging the district court's alternative determinations that he failed to state a constitutional claim or his arguments challenging the district court's refusal to allow him to supplement his constitutional claims. Additionally, by failing to brief any challenge to the district court's refusal to exercise supplemental jurisdiction over any potential state law claims or to consider his claims under 28 U.S.C. § 2254, he has abandoned these issues. *See Yohey*, 985 F.2d at 224-25; *Brinkmann*, 813 F.2d at 748.

Johnson fails to show that his appeal raises a nonfrivolous issue, and thus his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; 5TH CIR. R. 42.2.

The district court's dismissal of Johnson's complaint and our dismissal of this appeal each count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 535-39 (2015). Johnson now has two strikes for purposes of § 1915(g). Johnson is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).